UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

- - - - - - - - - - - - - - - - -

STANTON D. ALLABEN,
     Petitioner,

   - against -

D.B. DREW, WARDEN FCI RAYBROOK;
HARLEY LAPPIN, In his Official Capacity
as Director Federal Bureau of Prisons,
et al.,
     Respondents,

- - - - - - - - - - - - - - - - -

FILED

NOV 3 0 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

Civil No. 8:04-22917-26BI

CASE NO.9:00-517-1
(SBJ)

NOTICE OF PETITION

     COMES NOW, Stanton D. Allaben, the petitioner in the above referenced criminal proceeding, moves this Honorable Court, for relief pursuant to 28 USC § 1651; 2201; 2241; 1361; or in the alternative, for relief pursuant to Federal Rules Civil Procedure, Rule 35, and 65, in respects to the Respondents' violation of my constitutional rights as detailed within the attached Memorandum of Law; and for such other and further relief as this Court may deem just and proper.

October 16, 2004

Respectfully,

Stanton D. Allaben
Pro Se



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

- - - - - - - - - - -

STANTON D. ALLABEN,                           :
     Petitioner/Plaintiff,

     \ -against-                              :    Civil No. 8:04-22917-26BI

                                             :    Case No. 9:00-517-1
D.B. DREW, WARDEN FCI RAYBROOK;                     (SBJ)
HARLEY LAPPIN, In his official capacity :
as Director Federal Bureau of Prisons,       PETITION FOR RELIEF
et al.,                                 :    PURSUANT TO 28 USC §
     Respondents/Defendants,           :    1651, 2201, 2241, 1361

- - - - - - - - - - -

### PETITIONER STANTON D. ALLABEN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RELIEF AS TO ALL CAUSES OF ACTION.

     Petitioner, Stanton D. Allaben ("Allaben") respectfully submits this Memorandum of Law in support of his motion, pursuant to 28 U.S.C. § 1651, 1652, 2201, 2241; Federal Rules of Civil Procedure, Rule 35, and 65. By this motion, Allaben seeks to compel the Respondents, D.B. Drew ("Drew"); and Harley Lappin, as the Director of the Federal Bureau of Prisons, ("B.O.P."), hereafter referred to collectively as "Defendants", to enjoin the Defendant's from applying the post December 20, 2002 B.O.P. Memorandum's policy, rules, procedures, regulations, practices, and criteria, in regards to designation to a Community Correction Center ("CCC"), more commonly referred to as "half-way house".

     The defendant's have failed and refused to perform this exercise, on the ground that the new policy, effective December 20, 2002 ("New Policy"), strips them of their lawful authority to do so.

Via a Memorandum from the Defendants, dated December 20, dated December 20, 2002, the BOP advised that all inmates at FCI Raybrook, including Allaben, that henceforth, and contrary to its prior practice, pre-release designations to CCC's would be limited only to the last 10% of an inmates prison term, not to exceed 6 months ("the 10% Rule"). This abrupt change in policy was ostensibly the result of an effort on the part of the BOP to comply with a December 20, 2002 Memorandum Opinion from the Department of Justice's Legal Counsel which concluded that certain BOP practices regarding CCC placement (including the practice of allowing all inmates to be eligible to serve their last 6 months of their sentence, regardless of the length thereof, in a CCC were unlawful); The New Policy regarding CCC designations---and the new 10% Rule is being applied <u>retroactively</u> to Allaben, who was sentenced on September 27, 2001

Allaben seeks now an Order from this Court enjoining the Defendant's from applying this New Policy against him, for a variety of reasons, or in the alternative, for relief pursuant to Federal Rules of Civil Procedure, Rule 35, for an adjustment of his sentence to reflect the Defendant's denial of placement in a CCC. The following facts are offered in support of Allaben's Petition for relief:

### STATEMENT OF FACTS

##### THE SENTENCING COURT IS THE APPROPRIATE FORUM AND THE RELIEF REQUESTED IS THE APPROPRIATE REMEDY FOR ALLABEN'S CLAIMS.

1. Since December 20, 2002, numerous defendants have challenged the BOP's New Policy on a number of grounds and

pursuant to a variety of procedural devices, Most of those
challenges have been brought by Defendant's who recieved judicial
recommendations that they immediately be designated to, and
therefore serve their entirety of their sentences in CCC's.
Allaben's circumstances differ somewhat, in that he is challenging
the New Policy's 10 percentum Rule, that is, the BOP's refusal to
consider Allaben for the full 6 month term in a CCC.

A. Availability of Relief in the Sentencing Court

2. Sentencing court's indisputedly have authority to compel
the BOP to exercise its' authority in accordance with a correct
interpretation of statutory power. See McCarthy v. Doe, 146 F.3d
118 (2d Cir. 1998). Habeas corpus relief under 28 USC § 2241 is
available to effectuate this authority. Id.

3. Habeas relief however, is not the only way. Rather, to
enforce a judgment of sentence, a sentencing court may issue any
writ that is necessary under 28 USC § 1651, 2201, or an Order to a
federal agency in the nature of mandamus, 28 USC § 1361. Although
it is true that this Court cannot compel the BOP to select any
particular designation, United States v. Williams, 65 F.3d 301 (2d
Cir. 1995), the Court can insist that the BOP's discretion be free
from the constraints of legal error. Koon v. U.S., 518 U.S. 81
(1996) (decision maker "by definition abuses its discretion when
it makes an error of law").

4. Petitions filed under 28 USC § 2241 are subject to the
Federal Rules of Civil Procedure, where no procedure is
specifically designated by the Rules, See Rule 12 (2003), the

district court may proceed in any lawful manner not inconsistent with these Rules...and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate to motions filed under these Rules. As in fact, there is no procedure specifically prescribed by the Rules for these circumstances, the relief requested is fully warranted in this case.

5. Indeed, emergency injunctive relief already has been granted against the BOP's New Policy in numerous Court under a variety of theories and procedural devices. As one of these courts noted, "every case, except one,...that has addressed the legality of the BOP's New Policy has been the same court that imposed the sentence. Combs v. Attorney General, ___F.Supp.2d ___, 03 Civ. 622 (RBW), (April 17, 2003).

6. For example, some sentencing courts have granted preliminary injunctions or temporary restraining orders against operation of BOP's New Policy. See Ashkenazi v. Attorney General, 246 F.Supp.2d 1 (D.D.C. 2003) (granting injunction on Admninistrative Procedure Act grounds); Ferguson v. Ashcroft, 248 F.Supp.2d 547 (M.D.La. 2003) (same).

7. Still, another court granted a motion under Rule 36, Fed.R.Crim.P., on the grounds that the BOP's New Policy "misrepresented the Court's sentence no less than if the Clerk had omitted or mistakenly transcribed some important part of the sentence." U.S. v. Canavan, Crim.No. 00-275 WL 245226 at *1 (D.Minn. January 22, 2003).

8. In yet another case, where a defendant's plea and sentence straddled adoption of the New Policy, the Court granted a downward adjustment to obviate the ex post facto consequences thereof. U.S. v. Serpa, 251 F.Supp.2d 988 (D.Mass. 2003). In this case, Allaben invokes most of the grounds and procedural devices that have already been successful in challenging the BOP's New Policy.

B. ALTHOUGH ALLABEN SEEKS A MANDATORY INJUNCTION TO COMPEL A FORM OF 'GOVERNMENTAL ACTION', THE SERIOUS QUESTION STANDARD SHOULD APPLY.

9. A District Court may grant injunctive relief if the moving party established: (1) irreparable harm, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping in favor of the moving party. See Polymer Tech v. Mimran, 37 F.3d 74 (2d Cir. 1994).

10. As the Iacobani Court recently noted, the BOP's New Policy reversal has a real and measurable impact on "innocent third parties" (citing Ashkenazi, 246 F.Supp.2d at 10). Iacobani, 251 F.Supp.2d 1015 (D.Mass. 2003) (enjoining BOP from rescinding prisoner's CCC designation on grounds that New Policy violates the Ex Post Facto Clause, and noting that an injunction will further public interest as the public certainly has an interest in ensuring that retroactive laws are constitutional.)

C. ALLABEN IS ENTITLED TO AN ORDER COMPELLING THE BOP
TO; (1) DISREGARD ITS INVALID NEW POLICY; AND (2)
CONSIDERATION FOR THE FULL 6 MONTH TERM OF CCC.

11. Having established that this Court has the authority to compel the BOP to lawfully exercise its discretion and that the "serious questions" standard should be applied to his claim, we now turn to the central issue on this motion.

12. On September 27, 2001, Allaben was sentenced to a term of seventy months, consisting of 60 months as to Count Three, and 10 months as to Count Four, to run consecutively. The sentence was ordered consecutive to achieve the total punishment under the sentencing guidelines, § 5G1.2(d). It was the intent of this Court at the time of sentencing, that the defendant receive credit from the initial day of his arrest on June 20, 2000. At the time of the federal sentencing, state charges were still pending.

13. The petitioner was subsequently sentenced to a period of incarceration fo those state charges, which were related to the instant offense. On July 14, 2003, this Court resentenced the petitioner, to reflect the time spent in State custody, for a total of 55 months.

D. THERE IS A SUBSTANTIAL LIKELIHOOD THAT ALLABEN WILL
BE SUCCESSFUL ON THE MERITS OF HIS CLAIM.

14. The second prong of the required showing is that there exists either (1) likelihood of success on the merits, or (ii) sufficiently serious questions going to the merits to make them fair ground for litigation. Polymer, 37 F.3d 77.

THE ADMINISTRATIVE PROCEDURE ACT CLAIM

15. Allaben asserts that the New Policy was promulgated without providing public Notice and opportunity for Comment, as required by the A.P.A., § 551, et seq.. The APA's Notice and Comment procedures (5 USC 553) apply whenever a federal agency adopts a new position inconsistent with any of the agency's existing regulations. See Shalala v. Guernsey, 514 U.S. 87 (1995), accord, Byrd v. Moore, 252 F.Supp.2d 293 (W.D.No.Carolina, 2003) (citing Ferguson, 248 F.Supp.2d 547).

16. Since the BOP announced the New Policy, numerous courts have granted habeas relief on the grounds that it had been promulgated in violation of the APA. See Byrd, 252 F.Supp.2d 302; Tipton, 2003 WL 21196487 (D.Md. May 15, 2003); Howard, 248 F.Supp 2d. 518; Ferguson, 248 F.Supp.2d 547; and Mallory, No. Civ. 03-10220-DPW (D.Mass. March 25, 2003).

EX POST FACTO CLAIM

17. The ex post facto Clause provides that "no State shall ...pass any...ex post facto law". U.S.Const.Art. 1 § 10. To fall within the ex post facto prohibition, a law must be made retrospectively-that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punsihment for the crime. Lynce v. Mathis, 519 U.S. 443 (1997)

18. Similarly, various Courts have held that the BOP's New Policy violates the ex post facto Clause when the defendant was sentenced prior to December 20, 2002. See Ashkenazi, supra;

<u>Ciofeletti</u>, supra. As in those cases, Allaben was also sentenced prior to December 20, 2002, and as such, the ex post facto Clause is implicated.

ALTERNATE RELIEF

19. In this case, as this Court is well aware of the facts and circumstances, the petitioner asserts that the BOP has already indicated that Allaben will not at all qualify for CCC placement. In numerous conversations with the Defendants, Allaben has been informed that CCC placement is not available for this defendant, based upon his offense conduct. This decision is not in accordance with the policies and procedures regarding CCC placement. The statute for CCC placement, dehors any indication that a defendant in Allaben's circumstances is <u>not</u> entitled to CCC placement. Relevantly, the policy does not distinguish from one offense conduct defendant to another.

20. Section 2241, has long been recognized as the basis for challenging the execution of the sentence of a person in federal custody or a person sentenced for violating a federal criminal statute. See <u>Maleng</u> v. <u>Cook</u>, 490 U.S. 488 (1990); <u>Ralston</u> v. <u>Robinson</u>, 454 U.S. 201. Several defendants have also challenged the BOP's New Policy and requested relief using this procedure device. See, <u>Monahan</u>, v. <u>Winn</u>, 276 F.Supp.2d 196 (4th Cir. 2003); <u>Bengston</u> v. <u>Ashcroft</u>, 273 F.Supp.2d 1139 (S.D.Cal. 2003); and <u>Ferguson</u>, supra.

21. In addition, as stated, other defendants' have requested relief pursuant to Fed.R.Crim.P. Rule 35, on the grounds

that the New Policy "misrepresented the Court's sentence no less than if the Clerk had omitted or mistakenly transcribed some important part of the sentence." U.S. v. Canavan, Crim.No. 00-275 WL 245226 at 1 (D.Minn. January 22, 2003).

22. In that light, it is asserted that this Court's sentence configured the 6 month participation in a CCC within, and that by virue of the BOP's blanket denial, this Court may, under Rule 35, Fed.R.Crim.P., adjust Allaben's sentence 6 months to reflect the BOP's denial for CCC participation.

### EXHAUSTION OF REMEDIES

23. Administrative remedies will ordinarily be exhausted before the filing of a habeas petition pursuant to 28 USC § 2241. Allaben has not exhausted his remedies for a variety of reasons. Failure to exhaust may be excused when any of the following circumstances apply: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable harm may occur without immediate relief, (3) administrative appeal would be futile, or (4) in certain circumstances, when a plaintiff has raised a substantial constitutional question Guitard, 967 F.2d 737 (2d Cir. 1991) (Von Hoffburg, 615 F.2d 633 (5th Cir. 1980).

24. In any event, the exhaustion requirement for filing a petition pursuant to 2241 is prudential rather than statutory. See Arrango v. INS, 346 F.3d 892 (9th Cir. 2003). Similarly, various Courts have determined that exhaustion would be futile in relation to this claim, given the

subordinate relation of the highest level of administrative
appeal to the source of the interpretation at issue in this
case. See Zucker v. Meniffee, 2004 U.S.Dist. LEXIS 724
(January 21, 2004) ("exhaustion is deemed futile"). Allaben
asserts that since the BOP's New Policy was enacted by General
Counsel, it would be futile to exhaust administrative remedies.

25. In conclusion, it is asserted that the BOP may not
systematically exclude Allaben from participation in a CCC,
for the reasons stated herein. The policy regarding CCC
placement does not specify the exclusion of a particular
prisoner based upon his offense conduct. Specifically, CCC's
were created in order to provide an opportunity for a prisoner
to reintergrate back into society; to allow for housing,
employment, and basic necessities.

26. In this case, Allaben asserts that a CCC placement
is critical in his circumstances. His employment opportunities
are extremely limited; and his housing is precarious at best.
A CCC will allow Allaben the opportunity to secure both
housing and employment prior to his maximum expiration date.

27. To date, while in federal custody, Allaben has
recieved zero infractions. He is currently a Clerk in the
Leisure Activities, and paints prodigously. He is currently
attempting to procure an opportunity to paint full time
through his family and friends.

28. In addition, the chance of recidivism as to Allaben is certainly lower than most other prisoners. Allaben's offense, though harmful to society in general, may be considered, non-violent in all respects. As this Court is aware of the circumstances surrounding Allaben's Offense Conduct, we will not burden the Court with further diatribe. However, in conclusion, Allaben would be a prime candidate for CCC participation, and as such, it is respectfully requested that the relief requested be granted in all respects.

Respectfully,

Stanton D. Allaben

Dated: 10/18/04

---

\*
In addition, it should be noted that Allaben has achieved numerous Achievments throughout his incarceration, including Victim Impact Training, Small Business Ownership, Education, Choice and Change Drug Abuse Program, Living Sober Recovery Group, Oil Painting Class, Acrylic Art Class, Tennis Clinic, Introduction to Egyptian Yoga, Beginner Art and Drawing Class, Oil Paintin Class.



# Certificate of Completion

Let it be known that

## Stanton Allaben

has successfully completed the Choice & Change Drug Abuse Education Program at the Federal Correctional Institution, Ray Brook, New York

October 1, 2003

Ann Gilbertson, PhD, DAP Coordinator

Deborah Mitchell, Drug Treatment Specialist

# Certificate of Appreciation

## STANTON ALLABEN

*Your team spirit, professionalism, and personal dedication have contributed greatly to the successful operation of the Education Department during 2003. On behalf of the Education Staff of FCI Ray Brook, I applaud and congratulate your efforts.*

*This certificate is hereby issued this 10th day of January 2003*

_____
Supervisor of Education

# Certificate of Achievement

awarded to:

## MR. ALLABEN

OIL PAINTING CLASS

Signed L. POWELL

Date NOVEMBER 27, 2002

# Certificate of Achievement

awarded to:

## MR. ALLABEN

ACRYLIC ART CLASS INSTRUCTOR

Signed  L. POWELL

Date OCTOBER 25TH, 2002

# Certificate of Achievement

## Stanton Allaben

HAS SUCCESSFULLY COMPLETED
SEVEN OF NINE SESSIONS

# LIVING SOBER RECOVERY GROUP

GIVEN AT FCI-OTISVILLE AND COMPLETED
THIS 19TH DAY OF JULY IN THE YEAR 2002





# Certificate of Achievement

Presented to

## *Stanton Allaben*

in appreciation for his time and effort

Instructing the Adult Continuing Education Class

## *ACE Workshop – Small Business Ownership*

Presented this 14th day of January, 2003

_____
Charlotte Shermanski,  Education Specialist

# Certificate of Completion

## Stanton Allaben

has successfully completed 13 hours in

# Victim Impact Training

This certificate is hereby issued this 28th day of January 2004



_____
Program Coordinator

*Certificate of Achievement*

awarded to:

# MR. ALLABEN

OIL PAINTING CLASS

Date  *August 7th, 2002*

*Signed  L. powell*

# Certificate of Achievement

awarded to:

## MR. ALLABEN

### BEGINNER ART & DRAWING CLASS

*Signed L. POWELL*

Date DECEMBER 16, 2002



# Certificate of Achievement

awarded to:

## MR. ALLABEN

INTRODUCTION TO EGYPTIAN YOGA.

Signed L. POWELL

Date JULY 19TH , 2002

# Certificate of Achievement

awarded to:

## MR. ALLABEN

### TENNIS CLINIC

Signed  L. powell

Date  OCTOBER 1TH , 2002